665 P.2d 97

The STATE of Arizona, Appellee,

v.

Mark VAN ALCORN, Appellant.

No. 1 CA–CR 6135.

Court of Appeals of Arizona,
Division 1.

March 22, 1983.

Rehearing Denied April 29, 1983.

Review Denied June 8, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Claude D. Keller, Kingman, for appellant.

### OPINION

BIRDSALL, Judge.

The appellant was found guilty of kidnapping, a repetitive offense since he admitted a prior conviction for assault with intent to commit rape. He was also found guilty of sexual assault and aggravated assault, both with a knife, and both dangerous felonies. The court found six aggravating and no mitigating circumstances and sentenced the appellant to consecutive prison terms of 15, 21 and 10 years. The trial judge carefully articulated the reasons for the consecutive sentences, finding the appellant was a dangerous and violent person and a threat to society, these crimes being his third similar, sexually related attack on a woman.

In his opening brief appellant's counsel, who was not his trial counsel, attempts to present six arguments. The appellee contends that the first five arguments have been abandoned for failure to argue them on appeal. The appellee argues that all the appellant has done is "state the

issue". Rule 31.13(c)(1)(iv), Rules of Criminal Procedure, 17 A.R.S., requires that the appellant's brief shall contain: "A concise argument containing the contentions of the party, the reasons therefor, and necessary supporting citations."

The appellee relies upon *State v. Smith,* 125 Ariz. 412, 416, 610 P.2d 46, 50 (1980) and *State v. Blodgette,* 121 Ariz. 392, 395, 590 P.2d 931, 934 (1979). Both cases hold that a failure to argue issues presented constitutes an abandonment of those issues. We find those cases inapposite since they are concerned with instances where an issue is stated, presumably in the table of contents, but no later argument is made in the brief. *See* Rule 31.13(c)(1)(i) which requires the issues presented to be included in the table of contents.

The appellant's counsel has not included either any issues or his "arguments" verbatim in the table of contents, instead the complete table follows:

"TABLE OF CONTENTS

|  | Page |
|---|---|
| (1) TABLE OF CITATIONS | ii |
| (2) STATEMENT OF THE CASE | 1 |
| (3) ARGUMENTS | |
| I. | 3 |
| II | 4 |
| III | 5 |
| IV | 6 |
| V | 7 |
| VI. | 8 |
| (4) CONCLUSION | 9 |
| (5) CERTIFICATE OF MAILING | 10" |

On each of the brief pages shown as "argument", the issue presented, as we understand it, is given initially, in capital letters and indented. For example the following is page 7 of the brief which contains all of Argument V:

"ARGUMENT V.

PROSECUTOR IN HIS CLOSING REMARKS MADE FACT THAT DEFENDANTS FAMILY [sic] INCLUDING HIS MOTHER AND FOUR SISTERS ATTENDED THE TRIAL.

The Prosecutor seemed to indicate that the attendance of the Defendants family

[sic] including females somehow posed a bad reflection on the Defendant and that such conduct by the Prosecutor was clearly inappropriate and prejudicial to the Defendant, and the allowance of this by the Court constituted an abuse of discretion. Courtrooms are opened at all times to family, press, and in these days even television cameras."

We disagree with the appellee's contention that the issue has been abandoned. However, we do find that appellant's counsel has almost totally failed to comply with the rule concerning the required contents of the brief.

Arguments I through V contain no citations of authority.

Arguments III through V contain no references to the record, nor are there any such references in the statement of the case. See State v. Cookus, 115 Ariz. 99, 104, 563 P.2d 898, 903 (1977).

In addition, as the appellee argues, the entire brief is single-spaced making reading difficult. See Rule 31.13(b)(1).

The state failed to file a motion to strike the brief, Rule 31.13(e). That is the obvious solution to the problems created when a brief does not substantially conform to the requirements of the rule. And that is probably the only satisfactory solution. True, the court could strike the offending brief on its own motion, but by the time the court examined the brief the case may be at issue. At that point, as here, an answering brief, the preparation of which was made extremely difficult because of the inadequate opening brief, plus a reply brief were filed. This case has been at issue since September 1982 and the appellant is in custody. To require new or supplemental briefs now would delay the disposition for at least several weeks. For all these reasons and because of our duty to review the record, A.R.S. § 13–4035, we proceed to decide this appeal. However, we publish this opinion to call attention to the need for compliance with Rule 31.13.

We summarize the issues listed in the appellant's brief as:

1) Improper prosecutorial remarks in opening statement;
2) The giving of an instruction on "consciousness of guilt";
3) A contact between the trial judge and jury;
4) Prejudicial pretrial publicity;
5) Improper argument in closing; and
6) The imposition of consecutive sentences.

*Opening Statement*

In his opening statement the prosecutor said that the appellant's sister had failed to confirm the appellant's initial story to the police. The appellant had told the police that he had slept on his sister's sofa all night, thus tending to establish an alibi for him. The prosecutor also told the jury that Ron Sharp, a friend of the appellant, had given the police the appellant's knife upon request. There was no objection made to either of these statements at that time and any error is waived unless it was fundamental. State v. Thomas, 130 Ariz. 432, 636 P.2d 1214 (1981). There was no fundamental error.

The telephone conversation by the police with the sister was related in testimony without objection. The evidence showed the appellant changed his story upon being advised what his sister had said. In this new version the appellant admitted being with the victim but claimed the sexual relations were consensual. Thus the sister's declarations were not hearsay since they were not offered to prove where the appellant had spent the night. There was no error.

With regard to the incident involving Sharp, the prosecutor asked his officer-witness if Sharp gave him the appellant's knife when requested. There was no objection to this question, but the witness' answer was unresponsive, "at first he denied any knowledge of it and started to leave saying that he (Sharp) was going to get an attorney for the defendant." An objection was then made and the answer stricken. The officer later testified that Sharp did

give him a knife and later still the appellant said it was his. Again we find no error.

### Instruction

■ The court gave the state's requested instruction that:

"If you find that a defendant attempted to suppress evidence against himself in any manner, such as by hiding evidence, such attempt may be used by you as a circumstance tending to show a consciousness of guilt. However, such evidence is not sufficient in itself to prove guilt and its weight and significance, if any, are matters for your consideration."

The appellant objected to this instruction for the reason that it impermissibly called the jury's attention to certain evidence. He also objected that no Arizona authority supported the request.

The evidence supporting this instruction showed that the appellant gave his knife to a friend and that a "Groucho Marx" disguise was also discarded, both, admittedly, because they would tend to incriminate the appellant.

Although there is no Arizona authority directly on point, the instruction is similar to those given and approved in *State v. Tison,* 129 Ariz. 526, 633 P.2d 335 (1981), cert. denied, 454 U.S. 960, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982) (flight instruction); *State v. Loyd,* 126 Ariz. 364, 616 P.2d 39 (1980) (flight); *State v. Swinburne,* 116 Ariz. 403, 569 P.2d 833 (1977) (false names, disguises and other concealment); and *see State v. Ortiz,* 131 Ariz. 195, 639 P.2d 1020 (1981) (conspiracy to have witnesses killed as consciousness of guilt). None of these cases hold that a "consciousness of guilt" instruction is an impermissible comment on the evidence or improperly emphasizes such evidence. Our supreme court explained the reason for the admissibility of such evidence in *State v. Owen,* 94 Ariz. 404, 385 P.2d 700 (1963), vacated on other grounds, 378 U.S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1964). The appellant does not question the admissibility of the evidence. We hold that since "hiding" evidence is conduct which may indicate a consciousness of guilt, and is there-

fore admissible, it follows that the instruction is proper. Other states have specifically approved similar instructions.. *See Sewell v. State,* 34 Md.App. 691, 368 A.2d 1111 (1977); *People v. Jurado,* 115 Cal.App.3d 470, 171 Cal.Rptr. 509 (1981). In a federal case, *United States v. Reamer,* 589 F.2d 769 (4th Cir.1978), cert. denied, 440 U.S. 980, 99 S.Ct. 1787, 60 L.Ed.2d 240 (1979), it was held that evidence of the defendant's attempt to influence a witness was admissible on the issue of criminal intent and an instruction that the attempted suppression of evidence could be considered as consciousness of guilt was approved.

### Judge's Contact with Jury

■ This issue borders on frivolity. After the jury retired, the judge was the only person available to bring their lunch. He also brought three cokes which they had "ordered". He had inquired about their soft drink orders after bringing their lunch. This was the extent of their communication. The judge did not enter the jury room. This conduct is not objectionable. *See State v. Cagle,* 124 Ariz. 276, 603 P.2d 547 (App.1979); *State v. Mata,* 125 Ariz. 233, 609 P.2d 48 (1980), cert. denied, 449 U.S. 938, 101 S.Ct. 338, 66 L.Ed.2d 161 (1980).

### Publicity

■ About six months prior to trial an item appeared in the Mohave Valley News concerning the trial date setting. In addition to relating the charges it contained a statement concerning the appellant's prior conviction. The article was short and prejudicial only because of the disclosure of the prior and its nature. Evidence of the prior but not the nature of the crime was admitted in evidence. However, nothing in the record shows that any juror read the article, much less whether any juror was influenced by it. Absent a showing of prejudice, pretrial publicity is harmless. *State v. Tison, supra.*

### Closing Argument

■ Members of the appellant's family sat in the courtroom during the trial and

may have become identified with him. In closing the prosecutor said:

"Now the Judge is going to tell you, and has I think already said earlier that you should not be swayed, you should not form your verdict on the basis of prejudice or sympathy, or anything unrelated to the testimony, and the exhibits.

Now because you feel a little sympathy by the fact that the defendant's family and friends have been with him throughout the trial, that's exactly what he wants you to feel. There is just no reason to have these women in his family, and their little boy sitting in the courtroom listening to this kind of testimony . . ."

Thereupon defense counsel objected and the court said:

"Let's stick with the matters that were presented in Court."

This prompt ruling sufficiently cured any error.

### Sentence

Finally the appellant contends that his consecutive sentences were "inappropriate" and "an abuse of discretion". We disagree.

 The appellant argues that both A.R.S. § 13–708 [1] and Rule 26.13, Rules of Criminal Procedure,[2] 17 A.R.S., create a "statutory preference" for concurrent sentences. They do not. The appellant also argues that consecutive sentences are inappropriate based on the ABA Standards, Sentencing Alternatives and Procedures § 3.4(b) (1968), which state "[c]onsecutive sentences are rarely appropriate." The appellant neglects to mention that the standards also provide that this decision, i.e., consecutive or concurrent sentences, should be a matter for the discretion of the trial court. The trial court has exercised that

discretion here, in full compliance with the statute and rule, and with ample evidentiary support. We will not disturb that decision.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).

case the court shall set forth on the record the reason for its sentence."

1. "If multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run concurrently unless the court expressly directs otherwise, in which

2. "Separate sentences of imprisonment imposed on a defendant for 2 or more offenses, whether they are charged in the same indictment or information, shall run concurrently unless the judge expressly directs otherwise."