962 P.2d 898

STATE of Arizona, Appellee,

v.

Lisa Victoria GARZA, aka, Lisa Victoria McCauley, Appellant.

No. CR–97–0356–PR.

Supreme Court of Arizona,
En Banc.

July 14, 1998.

As Amended July 20, 1998.

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Consuelo M. Ohanesian, Phoenix, for State of Arizona.

Dean W. Trebesch, Maricopa County Public Defender by Louise Stark, Phoenix, for Lisa Victoria Garza.

## OPINION

FELDMAN, Justice.

¶ 1 Lisa Victoria Garza appealed her convictions and sentences for three counts of armed robbery and one count of aggravated assault. In sentencing Garza, the trial judge stated he was "entering a special order allowing [Garza] to petition the Board of Executive Clemency for a commutation of sentence," as permitted by A.R.S. § 13–603(K),[1] based on his belief the sentences were clearly excessive. However, he failed to enter the special order. In an opinion, the court of appeals directed the judge to enter the order required by § 13–603(K). *State v. Garza,* 190 Ariz. 487, 949 P.2d 980 (1997).

¶ 2 In a separate memorandum decision, which is the subject of this review, the court of appeals held that the trial judge did not abuse his discretion in ordering that the sentences on two of the counts be served consecutively to those imposed on the other two counts. *State v. Garza,* No. CA–CR 96–0689 (Ariz.Ct.App. July 15, 1997). We have jurisdiction pursuant to Ariz. Const. art. VI, § 5(3).

## FACTS AND PROCEDURAL HISTORY

¶ 3 A jury found Garza guilty of four dangerous felonies for her role in three armed robberies of different Subway sandwich shops on September 30, October 1, and October 7, 1995:

Count I: Armed robbery (class 2 felony) (September 30)

Count II: Aggravated assault (class 3 felony) (September 30)

Count III: Armed robbery (class 2 felony) (October 1)

Count IV: Armed robbery (class 2 felony) (October 7)

¶ 4 As Garza had no prior felony history, her lawyer requested that she be sentenced for all four counts pursuant to A.R.S. § 13–604(I), which applies only to first-time dangerous offenders.[2] The state agreed that Garza should be sentenced as a first-time dangerous offender for Counts I and II, the September 30 armed robbery and aggravated assault. But for Counts III and IV, the October 1 and October 7 armed robberies, the state filed a sentencing allegation under § 13–702.02. Among other things, this section increases the presumptive sentences imposed when multiple offenses committed on separate occasions are consolidated for trial. The judge asked the prosecutor to consider dismissing the § 13–702.02 allegation, but the prosecutor refused. Thus, Garza would receive a minimum 10.5 years on Count III as a second dangerous felony and 15.75 years on Count IV as a third dangerous felony. A.R.S. § 13–702.02(B)(1) and (2). Because the 15.75–year term was the minimum that could be imposed for a single count, when the state formally requested a total 15.75–year sentence, it must have assumed that the sentences for all four counts would run concurrently. The prosecutor never requested consecutive sentences.

¶ 5 At sentencing, the judge used the first-time offender guidelines and sentenced Garza on Counts I and II to presumptive terms of 10.5 years for the robbery and 7.5 years for the aggravated assault. Following the probation officer's recommendation, the judge ordered that the sentences run concurrently.[3] Because the prosecutor refused to

---

1. A.R.S. § 13–603(K), which was redesignated § 13–603(L) (eff.1997), provides:

    If at the time of sentencing the court is of the opinion that a sentence that the law requires the court to impose is clearly excessive, the court may enter a special order allowing the person sentenced to petition the board of executive clemency for a commutation of sentence within ninety days after the person is committed to the custody of the state department of corrections. If the court enters a special order regarding commutation, the court shall set forth in writing its specific reasons for concluding that the sentence is clearly excessive. The court shall allow both the state and the

    victim to submit a written statement on the matter. The court's order, and reasons for its order, and the statements of the state and the victim shall be sent to the board of executive clemency.

2. Had the judge followed this suggestion, Garza would have been sentenced under § 13–604(I) to 10.5 years for each armed robbery count, and to 7.5 years for the aggravated assault. The sentences could have run concurrently.

3. Although not mentioned at the sentencing hearing, § 13–604(M) expressly provides that convictions "for two or more offenses committed on the

withdraw the multiple offenses allegation, the judge correctly believed himself bound by the dictates of the multiple offense statute[4] and sentenced Garza to the minimum 10.5 years for Count III and 15.75 years for Count IV. *See* A.R.S. § 13–702.02(B)(1) and (2). The judge ruled that the sentences on Counts III and IV be concurrent to each other but consecutive to the sentences on Counts I and II *"based on the statutory presumption* and because you scared a lot of people. And I am not going to demean these people by lumping all of these sentences together." Reporter's Transcript (R.T.), Aug. 30, 1996, at 8 (emphasis added). The imposition of consecutive sentences—the sentences on Counts III and IV to be consecutive to those for Counts I and II—resulted in a total 26.25–year sentence.

¶ 6 Describing this result, the judge said that in his view section "13–702.02 is extremely harsh under this set of circumstances." R.T., at 9. Thus, he entered a special order allowing Garza to seek relief from the board of executive clemency because he found the sentence "clearly excessive." R.T., at 10; *see* A.R.S. § 13–603(K) (since redesignated § 13–603(L)).

¶ 7 At the conclusion of the hearing, the judge expressed his discomfort with the final result:

[Because] I am of the belief that in this situation the allegation of § 13–702.02 should be dropped [due to mitigating circumstances] .... *because of the presumption that the sentences have to run consecutively,* and because I cannot demean the

same occasion shall be counted as only one conviction for the purposes of this section."

**4.** A.R.S. § 13–702.02(A) states:

A person who is convicted of two or more felony offenses that were not committed on the same occasion but that either are consolidated for trial purposes or are not historical prior felony convictions as defined in § 13–604, subsection U, paragraph 1 *shall be sentenced, for the second or subsequent offense, pursuant to this section.*

(Emphasis added.) Subsection (B)(1) sets forth the minimum and maximum terms for a second dangerous felony (Count III, 10.5–year minimum for class 2); subsection (B)(2) sets forth the minimum and maximum terms for a dangerous felo-

victims by not giving consecutive sentences, *all of [these] factors together indicate to me that this sentence is clearly excessive. But I am bound by the law to do it in the fashion that I am doing it.* R.T., at 10 (emphasis added).

¶ 8 The court of appeals agreed that the trial judge was required to sentence on Counts III and IV under the stricter, multiple-offense standards. "Because A.R.S. section 13–702.02(A) provides that ... defendants [convicted of multiple offenses] 'shall be sentenced,' pursuant to section 13–702, the [trial] court could not sentence defendant under a less harsh statute." *Garza,* mem. dec. at 3. Noting that the judge chose the minimum sentence available under each applicable statute, the court concluded that the judge did not abuse his discretion in deciding the length of the sentences imposed. *Id.* at 4.[5] Finally, relying on *State v. Fillmore,* 187 Ariz. 174, 927 P.2d 1303 (App.1996), the court of appeals stated that § 13–708 "provides a presumption that sentences will run consecutively." Mem. dec. at 5. Because the judge "recognized the correct presumption in favor of consecutive sentences," he did not fail to exercise his discretion. *Id.* It is with this last point that we take issue. We consider the following questions:

1. Does A.R.S. § 13–708 create a presumption in favor of imposing consecutive sentences?

2. Did the trial judge, assuming himself bound at least in part by a presumption of consecutive sentences, abuse or fail to exercise his discretion?

ny subsequent to the second dangerous felony (Count IV, 15.75–year minimum for class 2).

**5.** This finding is not entirely correct. The record shows that the judge found mitigating factors of "severe addiction to heroin, being under the influence of ... illegal substances at the time of these crimes, and the fact that she was offered a less harsh plea bargain." R.T., at 10. Under § 13–604(I), the judge imposed the presumptive sentences for Counts I and II. He could instead have looked to the mitigating circumstances he found and used his discretion to impose the minimum sentence allowed. A.R.S. §§ 13–604(I); 13–702(B) and (D)(5). This would have resulted in a 5–year sentence for the aggravated assault and a 7–year sentence for the armed robbery.

## DISCUSSION

### A. The presumption

¶ 9 The present version of A.R.S. § 13–708 reads:

Except as otherwise provided by statute, if multiple sentences of imprisonment are imposed on a person at the same time, ... the sentence or sentences imposed by the court shall run consecutively unless the court expressly directs otherwise, in which case the court shall set forth on the record the reason for its sentence.

¶ 10 The trial judge relied on this statute to impose consecutive sentences on Counts III and IV. Like the court of appeals, the judge evidently interpreted the statutory language as creating a presumption that a defendant convicted of multiple charges should serve consecutive sentences. One of the reasons the judge gave for imposing consecutive sentences was the presumption that the sentences must be consecutive. This statute, however, does not use the word "presumption" and creates no such presumption.[6] *Fillmore*, 187 Ariz. at 184, 927 P.2d at 1313.

¶ 11 In *Fillmore*, the trial judge sentenced the defendant, who was convicted of running a chop shop, to consecutive sentences totaling over 289 years for 39 counts of theft and similar offenses. *Id.* at 177, 927 P.2d at 1306. In vacating the sentences, the court of appeals traced the history of § 13–708. *Id.* The court's opinion explained that the 1985 amendment to § 13–708 modified the earlier version by substituting "consecutively" for "concurrently." *Id.* In an earlier case, *State v. Van Alcorn*, the issue was whether the pre–1985 language that used "concurrently" created a presumption for concurrent sentences. 136 Ariz. 215, 219, 665 P.2d 97, 101 (App.1983). In *Van Alcorn*, the court of appeals held that the statute did not create a presumption for sentencing but provided only a default designation applicable when the trial judge failed to specify whether the sentences imposed were concurrent or consecutive. *Id.* In *Fillmore*, the

court mirrored the reasoning of *Van Alcorn* in holding:

Just as the pre-amendment version of § 13–708 did not diminish the trial court's discretion to impose consecutive sentences, neither does the 1985 amendment diminish the trial court's discretion to impose concurrent sentences. *Under both versions a trial court must choose, among concurrent and consecutive sentences, whichever mix best fits a defendant's crimes.*

*Fillmore*, 187 Ariz. at 184, 927 P.2d at 1313 (emphasis added). Under both versions of § 13–708 the statute applies only when the judge fails to designate whether sentences are consecutive or concurrent. Thus the court of appeals in the present case incorrectly relied on *Fillmore* in holding that § 13–708 creates a presumption for consecutive sentences. Mem. dec. at 5. *Fillmore* stands for precisely the opposite proposition.

¶ 12 The court of appeals also cited *State v. Smith*, 169 Ariz. 243, 818 P.2d 228 (App. 1991), for its presumption holding. Mem. dec. at 5. Without mentioning *Van Alcorn*, *Smith*'s discussion of § 13–708 is limited to a single sentence stating that a "trial judge is not required to articulate reasons for imposing a consecutive sentence, though he may do so, since there is a presumption that consecutive sentences will be imposed." *Smith*, 169 Ariz. at 247, 818 P.2d at 232. The only support offered for this assertion is an indirect citation of § 13–708 itself. *Id. Smith*'s statement that § 13–708 creates a presumption that consecutive sentences will be imposed has no precedential support and no analysis. *Fillmore*, on the other hand, is a well-reasoned opinion based on a full discussion of court precedents. We believe *Fillmore* was correct in holding that § 13–708 does " 'not constrict to any degree the trial court's discretion to impose [concurrent] sentences for the defendant's crimes.' " 187 Ariz. at 184, 927 P.2d at 1313. In sum, we approve *Fillmore* and hold that § 13–708 does not create a statutory presumption de-

---

6. Once given by statute, a presumption creates a conclusion that must be rebutted or overcome by evidence meeting some particular burden of proof. *Cf.* MORRIS K. UDALL ET AL., ARIZONA PRACTICE: LAW OF EVIDENCE § 143(2), at 322 (2d ed.1982).

So even though the judge recognized he was not bound by a steadfast rule, his discretion was clearly guided by his belief that a presumption existed.

signed to bind judicial discretion. It merely requires the judge to set forth reasons for imposing concurrent rather than consecutive sentences and creates a default designation of consecutive sentences when the judge fails to indicate whether the sentences are to run concurrently or consecutively.

### B. Propriety of judge's sentence

¶ 13 The remaining question is whether the trial judge abused or failed to exercise discretion by not decreasing a sentence he felt was extremely harsh and clearly excessive. The judge had *mixed motivations* for imposing the sentence he did. He gave three reasons: 1) the increased sentences required for repetitive offenders by § 13–702.02, which he found excessive, 2) his interest in not demeaning the victims, and 3) his belief that § 13–708 carried a presumption of consecutive sentences. R.T., at 10.

¶ 14 We agree with the court of appeals that the judge was bound to sentence Garza under § 13–702.02 for Counts III and IV. *See* mem. dec. at 3–4. We further agree that it was well within the judge's discretion to consider the impact of the crimes on the victims when imposing consecutive sentences. *See id.* at 5. However, because § 13–708 creates no presumption of consecutive sentences, the judge wrongly felt himself confined by a non-existent presumption.

¶ 15 The court of appeals notes that "had the court, as defendant suggests, been unaware of its power to deviate from the presumptive consecutive sentence, it would have ordered consecutive sentences for [both] Counts III and IV." Mem. dec at 5. Because the judge imposed both consecutive and concurrent sentences, the court determined that the judge was aware of his discretion to choose and thus must not have felt bound by § 13–708. *Id.* at 6. "Instead we can only

conclude that [the trial judge] was referring to the mandatory provisions of A.R.S. section 13–702.02." *Id.* at 6. We do not agree that this is the only conclusion that can be reached. Had the judge been dissatisfied only by the restrictions of § 13–702.02, he had alternate discretionary measures to lessen the total result. It is important to note that application of the increased sentences for repetitive offenders required by § 13–702.02 added only 5.5 years to one of Garza's sentences. In light of the 26.25–year total sentence imposed, we are not persuaded that the additional five-plus years required by § 13–702.02 was the only reason the judge thought the sentence excessively harsh and clearly excessive. Although parts of the record may be open to a variety of interpretations, one point is clear: the judge felt bound to impose a sentence he did not wish to impose. The judge's final comment is most illustrative: *"all of [these] factors together* indicate to me that this sentence is excessive. But I am bound by the law to do it in the fashion that I am doing it." Thus, we disagree with the court of appeals that the judge only felt himself bound by the mandatory provisions of § 13–702.02.

¶ 16 A court's refusal or failure to exercise its discretion may be treated as an abuse of discretion. *Fillmore*, 187 Ariz. at 184, 927 P.2d at 1313 (citing *United States v. Wardlaw*, 576 F.2d 932, 938 (1st Cir.1978); *Woosley v. United States*, 478 F.2d 139, 144 (8th Cir.1973)); *State v. Chapple*, 135 Ariz. 281, 296–97, 660 P.2d 1208, 1223–24 (1983).[7] Examining the sentencing proceeding, we conclude that one of two things occurred: Either the judge knew he had discretion and failed to exercise it, thus imposing a sentence he thought harsh and excessive and referring the case to the board of executive clemency for review, or he did not realize the extent of the discretion available to him. Ultimately,

---

**7.** As we explained in *Chapple:*

The term "abuse of discretion" is unfortunate. In ordinary language, "abuse" implies some form of corrupt practice, deceit or impropriety.... However, in the legal context, the word "abuse" in the phrase "abuse of discretion" has been given a broader meaning. In the few cases that have attempted an analysis, the ordinary meaning of the word has been considered inappropriate and the phrase as a whole has been interpreted to apply where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice. Similarly, a discretionary act which reaches an end or purpose not justified by, and clearly against, reason and evidence "is an abuse."

*Id.* at 297 n. 18, 660 P.2d at 1224 n. 18 (citations omitted).

it does not matter which actually occurred because in either instance the judge failed to properly exercise his discretion.

¶ 17 Even when the sentence imposed is within the trial judge's authority, if the record is unclear whether the judge knew he had discretion to act otherwise, the case should be remanded for resentencing. *See State v. Thurlow,* 148 Ariz. 16, 20, 712 P.2d 929, 933 (1986). Contrary to the judge's statement when sentencing Garza, the statute in question does not diminish a judge's discretion to choose between concurrent and consecutive sentences. While the judge in this case did not exceed his authority when he imposed concurrent and consecutive sentences, he evidently believed § 13–708 created a presumption constricting his discretion. He listed this incorrect conclusion as a reason he felt *bound* to impose consecutive sentences. R.T., at 10. But the correct rule is:

> The legislature by statute, the prosecutor by charge, and the jury by conviction set the sentencing boundaries for the judge. But within those boundaries, "the ultimate responsibility for fitting the punishment to the circumstances of the particular crime and individual defendant still rests with the judiciary."

*Fillmore,* 187 Ariz. at 185, 927 P.2d at 1313 (quoting *Thurlow,* 148 Ariz. at 19, 712 P.2d at 932). "In the sentencing context, if the judge relies on inappropriate factors and it is unclear whether the judge would have imposed the same sentence absent the inappropriate factors, the case must be remanded for resentencing." *State v. Ojeda,* 159 Ariz. 560, 561, 769 P.2d 1006, 1007 (1989) (quoting *Thurlow,* 148 Ariz. at 20, 712 P.2d at 933).

## CONCLUSION

¶ 18 Ultimately, the trial judge could have made what he thought was a clearly excessive and extremely harsh sentence less so. When a judge has discretion and fails to recognize his obligation to use that discretion to avoid imposing a sentence he believes to be excessive, we must conclude he abused or failed to exercise that discretion. *Fillmore,* 187 Ariz. at 184, 927 P.2d at 1313. We therefore vacate the court of appeals' decision, vacate the sentences, and re-

mand to the trial court for resentencing consistent with this opinion. *Ojeda,* 159 Ariz. at 561, 769 P.2d at 1007. At that proceeding, the judge will be free to exercise the discretion given him or her to impose a proper sentence—one that is not excessive or unduly harsh and that fits the crime and the criminal. We express no opinion on what that sentence should be.

ZLAKET, C.J., JONES, V.C.J., and MARTONE and McGREGOR, JJ., concur.