26 P.3d 1158

**STATE of Arizona, Appellee,**

v.

**Randall Charles WARD, Appellant.**

No. 1 CA–CR 00–0497.

Court of Appeals of Arizona,
Division 1, Department B.

May 24, 2001.

Janet Napolitano, Attorney General, by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Greg A. McCarthy, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Maricopa County Public Defender, by Charles R. Krull, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

PATTERSON, Judge.

¶ 1 Randall Charles Ward (Ward) appeals his fifteen-year commitment to the Arizona State Hospital (ASH) for two counts of aggravated assault, class 3, dangerous felonies.

¶ 2 Ward was found guilty except insane and was committed to the custody of ASH for fifteen years, which is the equivalent of two consecutive 7.5 year terms. Ward claims that the trial court had no jurisdiction to commit him to two consecutive terms because Arizona Revised Statutes Annotated (A.R.S.) section 13–502(D) does not include

any reference to statutory authority for consecutive sentencing. Section 13–502(D) (2001) states:

If the finder of fact finds the defendant guilty except insane, the court shall determine the sentence the defendant could have received pursuant to § 13–703, subsection A or § 13–707 or the presumptive sentence the defendant could have received pursuant to § 13–604, 13–604.01, 13–701, subsection C, § 13–710 or § 13–1406 if the defendant had not been found insane, and the judge shall commit the defendant pursuant to § 13–3994 for that term. In making this determination the court shall not consider the sentence enhancements for prior convictions under § 13–604. The court shall expressly identify each act that the defendant committed and separately find whether each act involved the death or physical injury of or a substantial threat of death or physical injury to another person.

¶ 3 Specifically, Ward asserts that, because any mention of A.R.S. section 13–708 [1] is "conspicuously absent" from the language of section 13–502(D), the trial court had no authority to commit him to consecutive terms. Generally, when a court construes two or more statutes, it should interpret them harmoniously so as to give effect to all statutes involved. *State v. Cassius*, 110 Ariz. 485, 487, 520 P.2d 1109, 1111 (1974). Section 13–708, however, is completely inapplicable to this case. Section 13–708 is merely a default statute that only applies in sentencing situations when a judge has not specified whether sentences are to run consecutively or concurrently. *State v. Garza*, 192 Ariz. 171, 174, ¶ 11, 962 P.2d 898, 901 (1998); *State v. Van Alcorn*, 136 Ariz. 215, 219, 665 P.2d 97, 101 (App.1983).

¶ 4 Section 13–708 neither creates a presumption for consecutive or concurrent sentences, nor imposes any restrictions on a trial court's discretion in choosing between consecutive or concurrent sentences. *Garza*,

1.  Section 13–708 states:
    Except as otherwise provided by statute, if multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run consecutively unless the court expressly directs otherwise, in which case the court shall set forth on the record the reason for its sentence.

192 Ariz. at 174, ¶ 11, 962 P.2d at 901. Because section 13–708 creates no presumption in favor of one type of sentencing structure over the other and acts as a default statute solely applicable in the event that a judge fails to designate a particular structure at the time of sentencing, it is immaterial that the legislature did not include any reference to this section within section 13–502(D).

¶ 5 A trial court has broad discretion in sentencing and, if the sentence imposed is within the statutory limits, we will not disturb the sentence unless there is a clear abuse of discretion. *State v. Cameron,* 146 Ariz. 210, 215, 704 P.2d 1355, 1360 (App. 1985) (citing *State v. Stotts,* 144 Ariz. 72, 695 P.2d 1110 (1985)). Section 13–708 does " 'not constrict to any degree the trial court's discretion to impose [consecutive] sentences for the defendant's crimes.' " *Garza,* 192 Ariz. at 174–75, ¶ 12, 962 P.2d at 901–02 (citing *State v. Fillmore,* 187 Ariz. 174, 184, 927 P.2d 1303, 1313 (App.1996)).

¶ 6 "[A] reviewing court may find abuse of discretion when the sentencing decision is arbitrary or capricious, or when the court fails to conduct an adequate investigation into the facts relevant to sentencing." *Fillmore,* 187 Ariz. at 184, 927 P.2d at 1313 (citations omitted). That is not the case here. Section 13–3994(D) states in pertinent part:

> The court shall state the beginning date, length and ending date of the board's jurisdiction over the person ... or **the presumptive sentence the defendant could have received pursuant to § 13–604, § 13–604.01, § 13–701, subsection C, § 13–710 or § 13–1406.** (Emphasis added.)

Prior to sentencing, the trial court reviewed the crimes involved in this case, the severity of the offenses, and whether each act involved the death or physical injury of each of the victims, or whether there was a substantial threat of death or physical injury to each of the victims. Specifically, the court stated that it "took judicial notice of the appropriate parts of the legal file," and found that Ward had committed aggravated assault on one of the victims by "reckless infliction of serious physical injury, by using a knife." The court further found that Ward had committed aggravated assault on the second victim "by the use or threatening exhibition of a knife." The trial court's investigation into the facts is further evidenced by the finding that the "defendant ... could not formulate the requisite mens rea mental state for the crime of Count I, Attempted First Degree Murder, Class 2 dangerous felony," which was the original charge, and therefore only calculated his commitment to ASH based on the two aggravated assault charges.

¶ 7 Based on these facts, the trial court found that Ward would have been sentenced pursuant to section 13–604(I) to the presumptive terms of 7.5 years for each of his class 3 felony offenses. It then exercised its discretion by imposing consecutive terms, which it presumably would have ordered had Ward been sentenced to prison for the crimes. Fifteen years is equal to the sentence Ward could have received pursuant to section 13–604, and is thus an appropriate term of commitment to ASH.

¶ 8 The court's minute entry also shows the beginning date, length, and ending date of the Psychiatric Security Review Board's jurisdiction over Ward. The court stated that Ward would be committed to ASH for fifteen years, with the board's jurisdiction to begin August 20, 1999, and to end no later than June 25, 2014. Thus, the alternative sentencing requirement of section 13–3994(D) has also been met for the trial court's determination of Ward's sentence.

¶ 9 Because section 13–708 is inapplicable in this case, and recognizing the inherent power of the trial court to impose consecutive sentences, we find that the trial court properly committed Ward to ASH for the fifteen-year term, which is the equivalent of two consecutive terms of 7.5 years. It also provided a beginning and ending date of the board's jurisdiction as required by statute. Ward's commitment to ASH is affirmed.

CONCURRING: SUSAN A. EHRLICH, Presiding Judge, and WILLIAM F. GARBARINO, Judge.