NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

RICHARD STEVEN CAMPBELL,
*Appellant*.

No. 1 CA-CR 13-0631

FILED 12-04-2014

Appeal from the Superior Court in Maricopa County
No.  CR 2012-009547-003
The Honorable Peter C. Reinstein, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

**¶1**         Richard Steven Campbell appeals from his convictions and sentences on multiple felony offenses.  Campbell specifically challenges his sentence for one count of aggravated assault.  Because we find no fundamental, prejudicial error, we affirm Campbell's convictions and sentences.  However, we modify the trial court's sentencing minute entry to accurately reflect the charges for which Campbell was sentenced.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Campbell was indicted with two co-defendants for eleven felony counts.  The charges resulted from an incident in which Campbell's co-defendants entered a Phoenix apartment, robbed several people at gunpoint, and robbed another person in the apartment complex parking lot. Campbell was identified as the "getaway driver" for his co-defendants. Although Campbell did not enter the apartment, evidence indicated that Campbell pointed a gun at the victim who was robbed in the parking lot.

**¶3**         A jury convicted Campbell of two counts of armed robbery, class 2 felonies, and four counts of aggravated assault, class 3 felonies.  The jury made a "dangerous" finding and found that the State proved aggravating circumstances for only one count of aggravated assault (Count 11).  The trial court sentenced Campbell to a presumptive term of 7.5 years' imprisonment for Count 11, concurrent presumptive terms of 5 years for each armed robbery count, and concurrent presumptive terms of 3.5 years for the remaining aggravated assault counts.  This timely appeal followed and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033.A.1 (West 2014).[1]

---

[1]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

## DISCUSSION

**I.**     **The Trial Court's Consideration of Aggravating and Mitigating Circumstances**

   **A.**     Use of a Deadly Weapon as an Aggravating Circumstance

**¶4**   Campbell argues that the trial court improperly weighed aggravating circumstances in determining his Count 11 sentence. Campbell contends that "use of a weapon was both an essential element of [aggravated assault] and used to enhance punishment[.]"

**¶5**   Because Campbell did not raise the issue at sentencing, we review only for fundamental error. *See State v. Trujillo*, 227 Ariz. 314, 317, ¶ 9, 257 P.3d 1194, 1197 (App. 2011). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (internal quotations and citations omitted). Generally, fundamental error occurs when one of the defendant's constitutional rights is violated or if an illegal sentence is imposed. *See id.* at 568, ¶ 25, 115 P.3d at 608. To prevail on a fundamental error claim, the defendant must show both that fundamental error occurred and that such error was prejudicial to the defense. *Id.* at 567, ¶ 20, 115 P.3d at 607.

**¶6**   The jury found and the trial court considered several aggravating circumstances for Count 11, including the infliction or threatened infliction of serious physical injury, accomplice liability, emotional harm to the victim, and the use of a deadly weapon. The jury also found that Count 11 was a dangerous offense. Campbell argues, and the State concedes, that the trial court's consideration of the use of a deadly weapon as an aggravating circumstance in sentencing was improper because in this case the use of a weapon was "an essential element of conviction." *See* A.R.S. § 13-701.D.2 (West 2014); *see also* A.R.S. § 13-1204.A.2. (West 2014) (identifying use of a deadly weapon as an element of aggravated assault).[2]

---

[2]  Although Campbell does not raise the argument, the trial court likewise should not have considered the infliction or threatened infliction of serious physical injury as an aggravating circumstance because, in this case, it was an essential element of Count 11, aggravated assault. *See* A.R.S. §§ 13-701.D.1 and -1204.A.1.

¶7             Having identified error, we turn to whether the error was fundamental and prejudicial.   Campbell maintains that "[b]ecause the trial court improperly considered . . . use of a weapon" as an aggravating circumstance, it committed fundamental error.  We conclude, however, that despite improperly considering elements of the offense as aggravating circumstances, the trial court neither improperly aggravated Campbell's sentence, nor has Campbell shown prejudice.  Although the trial court "could have reasonably imposed a lighter sentence" without improperly considering the use of a weapon as an aggravating circumstance, the trial court could have handed down the same sentence without the State proving any aggravating circumstances.  Campbell therefore cannot "demonstrate prejudice merely by speculating that he would have received a lesser sentence absent the error."  *Trujillo*, 227 Ariz. at 318, ¶ 17, 257 P.3d at 1198 (internal citations omitted).

¶8             Campbell argues that his age, lesser role in the "criminal scheme," and the fact that these were his first convictions substantially mitigated the proven aggravating circumstances.  Further, he argues that that two of the proven aggravating circumstances should have received "minimal weight" in the trial court's sentencing consideration.  Campbell concludes that the trial court improperly weighed these circumstances, which resulted in a sentence "to the presumptive term when an appropriate weighing may have resulted in a lesser sentence."  Campbell's conclusion is unwarranted, however, because Campbell's sentence was appropriate even with the existence of mitigating circumstances.  The jury's finding and trial court's consideration of additional aggravating circumstances[3] apart from use of a deadly weapon exposed Campbell to a possible maximum sentence as high as fifteen years, which the trial court did not impose. *See* A.R.S. §§ 13-701.C and -704.A (West 2014).  Given these facts and, contrary to Campbell's proffered inference about how the trial court weighed aggravating and mitigating circumstances, it is possible to infer that imposing the presumptive sentence was, in fact, a lenient sentence in this case.[4]  But to adopt either inference would be speculative, and on this

---

[3]       The trial court also considered that Campbell was convicted of multiple offenses.  *See State v. Martinez*, 210 Ariz. 578, 583, ¶ 16, 115 P.3d 618, 623 (2005) (affirming trial courts' power to "consider additional factors in determining what sentence to impose, so long as the sentence falls within the established range").

[4]       Such an inference is arguably more supported by the record than Campbell's argument about how the trial court weighed circumstances,

record, Campbell has not shown that we can do more than speculate "that he would have received a lesser sentence absent the error." *See Trujillo*, 227 Ariz. at 318, ¶ 16, 257 P.3d at 1198 (internal quotations and citations omitted). Accordingly, Campbell has not shown prejudice, and we will not disturb a sentence imposed that is properly within the statutory limits. *See State v. Ward*, 200 Ariz. 387, 389, ¶ 5, 26 P.3d 1158, 1160 (App. 2001).

### B. Dangerousness Finding

**¶9** Campbell also argues that the trial court erred by considering "'the dangerous nature of the felony' as an aggravating factor." Because the trial court enhanced Campbell's sentence for Count 11 as a dangerous offense under A.R.S. § 13-704.A., the dangerous nature of the offense may not also be considered an aggravating circumstance. A.R.S. § 13-701.D.2.

**¶10** Here, Campbell contends that the trial court doubly considered dangerousness as both a sentencing enhancement and an aggravating circumstance. Although the trial court referred at sentencing to the dangerous nature of Count 11 as an aggravating circumstance, the remainder of the record indicates that the trial court did not consider dangerousness as both a sentencing enhancement and an aggravating circumstance. The presentence report, for example, lists the dangerous finding separately from the aggravating circumstances, and during sentencing the State corrected the court that the dangerous finding "is actually an enhancement . . . [and] isn't really an aggravator." Additionally, even if the trial court erred by doubly considering dangerousness as Campbell contends, Campbell has not shown prejudice. The presumptive sentence of 7.5 years is consistent with using the jury's finding of dangerousness to enhance Campbell's sentence on Count 11 under A.R.S. § 13-704.A. Nothing in the record suggests the trial court issued a presumptive sentence, instead of a mitigated or minimum sentence, because dangerousness was considered as both an enhancement and an aggravating circumstance. We therefore presume that the trial court "made proper use" of the dangerous finding and did not err. *See State v. Styers*, 177 Ariz. 104, 116, 865 P.2d 765, 777 (1993).

## II. Modifying the Sentencing Minute Entry

**¶11** The parties agree that the trial court erred by referencing Count 5 in the sentencing minute entry. Count 5 was dismissed during

---

considering that the presentence report recommended "[a] term greater than the presumptive."

trial. When the trial court makes an "inadvertent error in the sentencing minute entry[,] [it] must be corrected." *State v. Sands*, 145 Ariz. 269, 278, 700 P.2d 1369, 1378 (App. 1985); *see also State v. Bowles*, 173 Ariz. 214, 216, 841 P.2d 209, 211 (App. 1992) (holding that "when there is a discrepancy between the oral pronouncement of sentence and the minute entry," it may be resolved by referring to the record). Accordingly, we modify the sentencing minute entry to reference Count 6 instead of Count 5 where appropriate. *See* A.R.S. § 13-4037.A (West 2014).

**CONCLUSION**

¶12        We affirm Campbell's convictions and sentences as modified.



Ruth A. Willingham · Clerk of the Court
FILED: gsh