NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

RONALD LEE MARLIN, *Petitioner*.

No. 1 CA-CR 17-0287 PRPC
FILED 3-13-2018

---

Petition for Review from the Superior Court in Maricopa County
No. CR2012-126430-001 DT
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Ronald Lee Marlin, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**C R U Z**, Judge:

¶1        Ronald Lee Marlin petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        In 2012, Marlin was charged with three counts of aggravated assault (counts 1, 3, and 4) and one count of resisting arrest (count 2) arising from events that occurred after police stopped him for weaving his bicycle in and out of traffic.  Marlin pleaded guilty to counts 3 and 4.  Count 3 related to Marlin's attempt to take control of an officer's gun and count 4 stemmed from touching an officer with an intent to injure.  He was sentenced per the plea agreement to supervised probation for 4 years and a term of 1 year in jail as a condition of probation.  The original presentence report recommended presumptive prison sentences, to run concurrently.

¶3        Marlin violated his probation two times; he failed to complete substance-abuse treatment, failed to pay fees, and tested positive for alcohol consumption numerous times.  His probation was reinstated both times.  After his third petition to revoke probation was filed, due to his absconding, he was sentenced to the presumptive terms of 3.5 years' imprisonment on count 3 and 1.5 years' imprisonment on count 4, to be served consecutively.  Marlin rejected probation and sought sentencing on the same day.

¶4        Marlin filed a notice of petition for post-conviction relief, which the court allowed to proceed only as to the probation revocation matter of May 10, 2016.  Appointed counsel filed a Notice of Completion of Review asserting that she could find no claims to raise in a petition for post-conviction relief.  Marlin filed a *pro se* petition claiming ineffective assistance of counsel and illegal sentence.  He argued his sentences should run concurrently and that his trial attorney failed to present mitigating evidence at sentencing.  In his petition, he cited his lack of criminal history, crime-free lifestyle, stable residence for the last 2.5 years, and stable employment.  The State responded, and in his reply, Marlin attached what he purported to be a "Rule 32.5" affidavit claiming he could not conform his conduct to the requirements of the law due to child abuse, neglect, mental illness, and emotional and cognitive disabilities.  He did not provide any other affidavits, medical records, statements, or diagnoses to substantiate his claims.

¶5        The superior court dismissed the petition finding that Marlin had failed to establish a colorable claim of ineffective assistance of counsel

and that the information provided would not have changed the sentencing outcome.

**¶6**   Marlin now seeks review of the dismissal of his petition for relief. Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). On review, Marlin bears the burden of establishing error. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶7**   Marlin cites no law to support his claim that his sentences must run concurrently. He committed assaults upon two different officers, and the offenses charged were two separate felonies. Marlin has no constitutional right to concurrent sentences for two separate crimes involving two separate acts. *State v. Jonas*, 164 Ariz. 242, 249 (1990).

**¶8**   To state a colorable claim of ineffective assistance of counsel, Marlin must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1985), *State v. Nash*, 143 Ariz. 392, 397 (1985). Marlin waived a disposition hearing and rejected probation. The court found that the waiver was knowing, intelligent, and voluntary. Marlin's counsel argued for mitigated and concurrent sentences and emphasized Marlin's periods of success on probation, his employment, his difficulties with alcohol, and his successful completion of probation for a 2003 offense. The violation report recommended that probation be revoked and Marlin be sentenced to presumptive, consecutive terms. Nothing in the report noted a history of abuse or neglect. Alcohol abuse was the primary concern. When Marlin spoke at sentencing he did not mention any childhood abuse or neglect, mental health issues, or substance abuse. The court indicated that it considered both aggravating and mitigating factors and the fact that there were two victims in imposing presumptive, consecutive sentences.

**¶9**   The burden is on the petitioner seeking post-conviction relief to show ineffective assistance of counsel, and "the showing must be that of a provable reality, not mere speculation." *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999). The superior court need not conduct an evidentiary hearing based on mere generalizations and unsubstantiated claims of ineffective assistance of counsel. *State v. Borbon,* 146 Ariz. 392, 399 (1985). As the superior court correctly noted, Marlin's counsel did present to the court most of the mitigating factors he claimed were omitted. There is nothing in the record that would indicate that Marlin shared any history of

abuse or neglect with his attorney and it is not mentioned in other records. The superior court has broad discretion in sentencing. The superior court did not abuse its discretion when it found that even if counsel had raised every argument proposed by Marlin, the outcome would have been the same. As long as the sentence is within the statutory limits, this court will not disturb the sentence absent a clear abuse of discretion. *State v. Ward*, 200 Ariz. 387, 389, ¶ 5 (App. 2001).

¶10        For the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA