NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

RONALD CHARLES HOSKINS,
*Appellant*.

No. 1 CA-CR 20-0101
FILED 3-16-2021

Appeal from the Superior Court in Maricopa County
No.  CR2018-142733-001
The Honorable Aryeh D. Schwartz, Judge

**VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

¶1 Ronald Hoskins contests his sentence for a misdemeanor count of criminal damage. We vacate the sentence and remand for sentencing proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The victim and Hoskins were neighbors who shared a common road to enter and exit their development. Their relationship soured after the victim complained that Hoskins's son had parked his trailer truck in a way that blocked the victim's view of oncoming traffic when exiting the development. Hoskins later vandalized the victim's car with a white substance that caused paint damage. The victim recorded video of Hoskins in the act and reported him to police. Hoskins was arrested and officers found a bottle of the white substance in his truck.

¶3 Hoskins was charged with one count of criminal damage, a class 6 felony. The State alleged aggravating factors. The indictment was later amended with the superior court's approval to designate and charge a class 1 misdemeanor.

¶4 After a three-day bench trial, the trial court found Hoskins guilty. At sentencing, Godinez testified about Hoskins' threats and vandalism and the State argued Hoskins had "not learned his lesson" or expressed remorse. Hoskins did not contest or address this alleged lack of remorse. The court then sentenced Hoskins to one year of supervised probation, considering "aggravators and mitigators," including defendant's lack of remorse and failure to accept responsibility, which the court described as "shocking." Hoskins timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(1).

## DISCUSSION

¶5 Hoskins only contests his sentence on appeal. We will not disturb a sentence within the appropriate statutory range unless the

superior court has abused its discretion. *State v. Cazares*, 205 Ariz. 425, 427, ¶ 6 (App. 2003). An abuse of discretion occurs when the "sentencing decision is arbitrary or capricious, or when the court fails to conduct an adequate investigation into the facts relevant to sentencing." *State v. Ward*, 200 Ariz. 387, 389, ¶ 6 (App. 2001) (citing *State v. Fillmore*, 187 Ariz. 174, 184 (App. 1996)).

**¶6** Hoskins first argues the trial court improperly aggravated his sentence based on "the nature and circumstances of the crime" because it never "articulated" the precise nature or circumstances supporting his sentence. A.R.S. § 13–701(D)(27). We find no error. Hoskins was sentenced to one year of supervised probation and fined him $1,867.30, which falls within the sentencing range for a class 1 misdemeanor. *See* A.R.S. § 13-902(A)(5) (three years of probation or less); A.R.S. § 13-802(A) (fines of $2,500 or less). Moreover, the sentencing transcript indicates that the superior court considered relevant factors and record evidence, including Hoskins' history of hostile acts against the victim, the victim's statements and Hoskins' limited criminal history.

**¶7** Hoskins next contends the court improperly aggravated his sentence for showing a lack of remorse and failing to accept responsibility. We review this argument for fundamental error because Hoskins never raised it below. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). A court commits fundamental error by depriving "a defendant of a constitutional or statutory right necessary to establish a viable defense or rebut the prosecution's case," *State v. Escalante*, 245 Ariz. 135, 141, ¶ 19 (2018), and the defendant suffers prejudice, *Henderson*, 227 Ariz. at 568, ¶ 26. And, as relevant here, a sentencing court deprives a defendant of an essential right to a defense by considering the defendant's lack of remorse and failure to admit guilt. *State v. Trujillo*, 227 Ariz. 314, 318, ¶ 15 (App. 2011) (remanding for resentencing where "the record plainly indicates that the trial court's sentencing decision was influenced by [the defendant's] failure to admit guilt and his lack of remorse; therefore, a reasonable likelihood exists that a sentencing judge, without consideration of those factors, could have imposed sentences more favorable to [the defendant]").

**¶8** On this record, the superior court fundamentally erred. Before and after sentencing, the court stressed Hoskins' "lack of remorse and failure to take responsibility for his actions," which it described as "shocking . . . quite frankly." These were not "mere passing comments," and instead reflect that the court was "very concerned" about such behavior. *Id.* at 319, ¶ 20. As to prejudice, "the court could have reasonably imposed a lighter sentence." *Id.* at 318, ¶ 16.

## CONCLUSION

¶9        We vacate the sentence imposed and remand for resentencing consistent with this decision.[1]



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[1]        Hoskins informed this court that this appeal might be moot. We exercise our discretion, however, to resolve the appeal on its merits. *See State v. Valenzuela*, 144 Ariz. 43, 44 (1985) (noting the discretion of appellate courts to decide moot issues).