Robert Owen BRADLEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–871.

Court of Criminal Appeals of Oklahoma.

March 4, 1977.

Rehearing Denied March 31, 1977.

Jack Shears, Jr., Shears & Shears, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., John J. Powers, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Robert Owen Bradley, hereinafter referred to as defendant, was charged with and tried for the offenses of Receiving Stolen Property and Concealing Stolen Property, in violation of 21 O.S.1971, § 1713, in the District Court, Kay County, Case No. CRF–75–137. He was convicted of Concealing Stolen Property and his punishment was fixed at a term of five (5) years' imprisonment and a fine of Five Hundred ($500.00) Dollars. Timely appeal has been perfected.

Briefly stated, the testimony established that on August 31, 1975, the residence of Larry Baker was burglarized, and among the missing items were two Indian rings, State's Exhibits Nos. 1 and 2, identified as belonging to Baker. Don Cunningham said he purchased State's Exhibits Nos. 1 and 2 from the defendant who visited his apartment. Larry Harris said he went to Cunningham's apartment with the defendant, who had some rings with him, but he waited outside in a car. Harris and the defendant were in jail together and upon his release Harris said he was given a letter by the defendant to deliver. The letter, discovered when Harris was booked into jail two days later, purports to offer $2,500.00 to $5,000.00 for a contract to murder Cunningham. A statement by the defendant to a police officer indicated he received the rings in payment of a debt and when asked if they were stolen he replied, "They could have been." (Tr. 192) In the instructions the jury was told it could convict on either charge, but not on both.

■ Defendant contends in his first assignment of error that he should not have been required to defend against two separate offenses as charged in the single information, especially as they were not stated in the alternative.

The amended information is entitled: "INFORMATION For COUNT 1—RECEIVING STOLEN PROPERTY T21 § 1713, COUNT 11—KNOWINGLY CONCEALING STOLEN PROPERTY T21 § 1713." The body of the information sets out the details of each count and separates the two counts by a comma. Section 1713 of 21 O.S. contains both offenses:

"§ 1713. *Receiving stolen property—Presumption.*—(1) Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever that has been stolen, embezzled, obtained by false pretense, or robbery, knowing or having reasonable cause to believe the same to have been stolen, embezzled, obtained by false pretense, or robbery, or who conceals, with-

holds, or aids in concealing or withholding such property from the owner, . . ."

The pertinent statute in this situation is 22 O.S.1971, § 404, which reads as follows:

"The indictment or information must charge but one offense, but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

Also see, *State v. Sowards,* 64 Okl.Cr. 430, 82 P.2d 324 (1938).

The defendant cites *Richmond v. State,* Okl.Cr., 492 P.2d 349 (1971), for the proposition that:

"Where the same act may constitute different offenses, the different offenses may be set forth in separate counts *in the alternative* and defendant convicted of either offense. . . ." (Emphasis added) 492 P.2d at 350.

Also see, *State v. Pirkey,* 22 S.D. 550, 118 N.W. 1042 (1908). The jury instructions said the defendant was prosecuted, "for the crime of Receiving Stolen Property, as alleged in Count I, or for the crime of Concealing Stolen Property, as alleged in Count 2." (Jury instruction No. 2; also see, jury instruction No. 6.)

This Court is of the opinion that the information adhered to the statutory and case law requirements, and so dismiss this assignment of error.

■ The defendant contends in his second assignment of error that the trial court erred in admitting into evidence a

letter, allegedly written by the defendant while in jail.

The letter was written to a person named Steve, and purports to pay $2,500.00 to $5,000.00 for the contract murder of a witness against the defendant. It was supposedly given to a cellmate of the defendant to be delivered upon his release. The letter, in full, follows:

"Steve,

"This guy just got out, plus I knew him before when on the streets. If you can help him out a little. Also, if possible man I need you to call this guy you know in Wichita, Gus, & price a contract for me. I think I can come up with $2,500.00 to $5,000.00 for the job. I need Don Cunningham, before Oct. 14, if possible, 335 S. Peachtree. All they have is his word & Bobby Trussells word. I sure need it done Steve. If you can find somebody to do it. I'll get ahold of you again through Carol Staggs. If you want to send me a letter do it through her. Steve please let me know something about this contract. It has to be done or I get much time—about 30 yr. Steve you know I can make good the money, besides my old man has most of it already. If I was out or could get out I'd do it myself, but I can't get out because of the Parole Violation Warrant, I'll beat it too if I beat the charge. Get him blowed up for me Steve, O.K.

"Stay cool man. The Dicks still watch you a little I think, so watch your step.

"Write me a few lines man & let me know something as soon as you can.

"Your friend

Robert"

Defendant contends the letter was so prejudicial he was denied his right to a fair trial upon the charges set forth in the information, and his arguments center along these main channels: (1) the letter impeached the character of the defendant though he had not placed his character at issue; (2) the reference to "Parole Violation Warrant" should have been excluded as evidence of other crimes not on trial in the case at bar, and did not fall within the exceptions as stated in *Moulton v. State*, Okl.Cr., 476 P.2d 366 (1970); and, (3) the letter created a "trial within a trial" as condemned in *Welch v. United States*, 371 F.2d 287 (10th Cir. 1966).

Defendant's motion in limine to exclude the letter was overruled. Jury instruction No. 9 said:

"Evidence that a defendant attempted to suppress evidence against himself in any manner, may be considered by you as a circumstance tending to show a consciousness of guilt. However, such evidence is not sufficient in itself to prove guilt and its weight and significance, if any, are matters for your consideration."

*Ryal v. State*, 16 Okl.Cr. 266, 182 P. 253 (1919), presents a fact situation similar to this case. Ryal and co-defendant Sam Guy were charged with larceny. A jailer testified that while Guy was in jail, Ryal offered him $500.00 if he would release Guy. He quoted the defendant as saying:

" 'Turn him out. Get him out, and tell him to come to my house and I will give him some money to get away with, and, if he don't get away, I will kill the son of a bitch.' " 182 P. at 255.

This Court upheld the trial court's overruling of the defendant's motion to strike the testimony of the jailer, saying:

". . . The evidence of [the jailer] shows an effort on the part of the defendant to get an important witness out of the way, and this is a circumstance tending to show an indirect admission on the part of the defendant of guilt. Certainly it is untenable to say that the effort of a defendant to suppress evidence against him, if not made until some time after the commission of the crime, is inadmissible. . . ." 182 P. at 257.

In *Riley v. State*, 57 Okl.Cr. 313, 49 P.2d 813 (1935), the defendant, while in jail charged with murder, wrote a note to another prisoner asking him to kill a person by the name of Baker and leave a suicide note indicating that Baker had committed the murder with which Riley was charged. The note was intercepted and used against

Riley at his trial. In the third paragraph of the Syllabus the Court said:

"Testimony that an accused attempted to manufacture false evidence, to suborn perjury, or to purchase a witness is an implied admission of guilt, and is competent and admissible against him on his trial."

Also see, *State v. Young*, 1 Or.App. 562, 463 P.2d 374, 377 (1970), where that court said:

". . . Evidence that a party attempts to suppress evidence by the intimidation of witnesses, though a crime, is relevant to his guilty state of mind and is therefore admissible as proof of guilt."

The defendant notes *Welch v. United States*, supra, which condemns evidence which presents a "trial within a trial" effect:

". . . evidence of unlawful conduct, material to the crime charged, should not be admitted if its admission diverts the case into a 'trial within a trial' and in actuality exposes the defendant to a conviction for a crime not charged. . ."

371 F.2d at 294 (Citations omitted).

We find this rule not applicable to the case at bar, and note that the admission into evidence of the letter, in this case, does not constitute unlawful conduct. This Court therefore finds the defendant's second assignment of error to be without merit.

■ Defendant, in his third assignment of error, contends the trial court erred by instructing the jury on both charges and not requiring the State to determine which charge it was to proceed on. This assignment of error has been answered adequately in defendant's first assignment of error.

Defendant cites no authority for this assignment and as we have said in numerous previous cases this Court will not search the books for authority to buttress an assignment of error; therefore, we dismiss said assignment.

■ Defendant also contends that the court erred in instructing the jury on presumption and burden of proof in the following:

"INSTRUCTION NO. 5

"The possession of recently stolen property found in the possession of one alleged to have concealed it, knowing at that time or having reasonable cause to believe that it was stolen property, may be explained, but such possession is a circumstance, which, if unsatisfactorily explained to the jury, may be considered in determining the guilt or innocence of the person charged with concealing stolen property. The mere possession of property recently stolen is not alone sufficient to convict the possessor of knowingly concealing stolen property, or having reasonable cause to believe that it was stolen property, but when such fact is supplemented with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon as to the guilt or innocence of the defendant, of knowingly concealing stolen property, or knowingly receiving stolen property."

Defendant argues that the instruction reinserts the presumption of guilt in 21 O.S. 1971, § 1713(2), which was declared unconstitutional in *Payne v. State*, Okl.Cr., 435 P.2d 424 (1967), because it "violates the requirements of due process clause of the Fourteenth Amendment to the United States Constitution, and the due process clause of Article 2, Section 7, of the Oklahoma State Constitution." 435 P.2d at 428.

The Court said in *Luckey v. State*, Okl. Cr., 529 P.2d 994, 996 (1974):

". . . We have consistently held that where counsel is not satisfied with instructions that are given, or desires the court to give any particular instruction, it is the duty of counsel to prepare and present to the court such desired instructions and request that they be given. In the absence of such a request, the Court of Criminal Appeals will not reverse the case if the instructions generally cover the subject matter of inquiry and there is no fundamental error." (Citations omitted)

In the case at bar, counsel though objecting to instruction No. 5 failed to submit to the trial court an instruction of his own on

the issue. Further, we find that said instruction No. 5 does not attempt to reinstate the presumption of guilt found unconstitutional in *Payne v. State*, supra, but merely instructs that unexplained possession is one factor that may be considered by the jury. It specifically stated that mere possession of property recently stolen is not alone sufficient to convict. We find this assignment of error to be without merit.

Defendant next contends the trial court erred in instructing the jury on the letter allegedly written by the defendant, discussed in defendant's second assignment of error. Said instruction No. 9 is also set out in our discussion of the second assignment of error. Defendant contends that the instruction unduly places emphasis on "consciousness of guilt" as the reason for writing the letter, and fails to instruct the jury on other possible reasons for writing it, such as dissatisfaction with the jail.

Defendant cites no authority for his assignment of error, and we can dismiss it on that alone. *Sandefur v. State*, Okl.Cr., 461 P.2d 954 (1969). However, we find the instruction totally proper, as detailed in our response to defendant's second assignment of error, and so dismiss this assignment of error.

Defendant's fifth assignment of error contends the trial court erred in refusing to sustain his motion for continuance on grounds that defendant's earlier mistrial ended just a few days before this trial was to start. The mistrial was granted when a probation and parole officer testified he had a case involving the defendant.

Kay County's two-week jury term panel was divided into two separate panels, designated "A" and "B." Defendant's mistrial jury was taken from the former, "A," and his second trial jury from "B." Defendant, in his motion for continuance, offered to wait in jail until the next jury term, but the trial judge reasoned, "It seems to me that if you get none of these 13, and we would just turn it over to 'B' panel. I can't see how you are hurt to go ahead and try the case with the other jury panel." (Tr. 377)

Defendant argues the "B" jury panel may have received information about his mistrial from the "A" jurors. Counsel noted he had heard statements in the community regarding the mistrial, and reported the defendant's father had been contacted by some "B" jurors. Defendant alleges the "A" and "B" panels mingled in the courthouse corridors and some car pooled together to the courthouse. He argues members of the other panel were not kept out of the courtroom during the trial, but he fails to allege this actually occurred. The court ruled that prior knowledge, if any, could be ascertained on voir dire, and both the court and counsel asked the panel on said question of prior knowledge of the case.

We have often held that "a motion for continuance is addressed to the sound discretion of the trial court whose denial of such motion will not be disturbed on appeal unless there is a clear showing of an abuse of discretion." *Mangum v. State*, Okl.Cr., 541 P.2d 1348, 1351 (1975).

In *Reid v. State*, Okl.Cr., 478 P.2d 988, 993 (1970), we quoted from the 1955 case of *Shetsky v. State*, Okl.Cr., 290 P.2d 149, where this Court said in the seventh paragraph of the Syllabus, " 'To justify a continuance the burden is on [the] movant . . . to make a proper showing, . . . .' " We find defendant has not borne such burden, and so dismiss this assignment of error.

In his final assignment of error, defendant contends the trial court erred when it permitted the jury, after deliberation had begun, to return to the courtroom to listen to a tape recording of a witness.

The note sent to the court by the jury read:

"Could we hear the testimony of Larry Harris given last Friday, May 7? We have a hung jury unless we hear it. . . ."

Defendant contends such rehearing of testimony places undue emphasis on it in relation to the total evidence, and argues that the court should have ordered the reporter to read back the testimony, rather than rely on the tape recording. The defendant ad-

mits that the trial court's sound discretion governs this situation. In *Price v. State*, Alaska, 437 P.2d 330, 334 (1968), that Court said:

> "We are of the view that absent circumstances requiring denial of a jury request to rehear trial testimony, the determination of which should be left to the discretion of the trial judge, justice is more likely to be promoted than obstructed if the jury, at its request, is allowed to rehear the electronic recording of specific testimony given at the trial. . . ."

We agree. See, *Smith v. State*, Okl.Cr., 509 P.2d 1391, 1398 (1973), wherein we said, "The playback of the tapes came within a fair, reasonable interpretation of 22 O.S. 1971, § 894, . . ." We therefore dismiss this assignment of error.

The judgment and sentence is, accordingly, *AFFIRMED*.

BUSSEY, P. J., and BLISS, J., concur.