2003 WY 4

**Thomas Avery GLENN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 01–153.

Supreme Court of Wyoming.

Jan. 15, 2003.

Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel, Representing Appellant. Argument by Ms. Domonkos.

Hoke MacMillan, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; Theodore E. Lauer, Director, and Yvonne A. Manske, Student Intern, of the Prosecution Assistance Program, Representing Appellee. Argument by Ms. Manske.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

* Chief Justice at time of oral argument.

GOLDEN, Justice.

[¶ 1] After two altercations with his pregnant girlfriend, Appellant Thomas Glenn was convicted of two counts of aggravated assault on a pregnant woman and one count of assault on another woman who had tried to defend her. He challenges those convictions on grounds that the State produced insufficient evidence of pregnancy, and the evidence did not support instructing the jury it could consider his attempts to intimidate witnesses as evidence of guilt. We hold that the trial court properly ruled that the State could prove pregnancy by the victim's testimony, and that intimidation was sufficiently proved to permit an instruction that it was evidence of guilt. We affirm.

## ISSUES

[¶ 2] Glenn presents the following statement of the issues with which the State agrees:

I. Whether the State failed to prove beyond a reasonable doubt two essential elements of aggravated assault on a pregnant woman?

II. Whether the court erred when it gave an intimidation instruction which was not supported by the evidence?

## FACTS

[¶ 3] On August 31, 2000, Glenn's girlfriend, Colleen Brown, was visiting friends when she was angrily confronted by Glenn who believed she was drinking while pregnant. A witness observed Glenn holding Brown by her throat against a wall, saw Glenn strike Brown, and heard Brown scream and tell Glenn to stop because he was hurting her. Others came to Brown's rescue, and Glenn left. Later that night, Glenn and two others returned and fought with Jeremy Hopkins and Derek Stone while Brown escaped to another apartment. During a violent confrontation, Stone was stabbed, and Glenn was treated at the emergency room for a severe eye injury.

[¶ 4] On September 8, 2000, Brown visited Glenn at his home, and the two again had a physical altercation that the State alleged caused injuries to Brown. Brown's brother and a friend went to Glenn's home, and he met them at the door with a knife. Police investigated and observed that Brown suffered a bloody nose, bruising, and scrapes, but she would tell them only that Glenn had shoved her, and, later at trial, she testified that, as she ran away, she had fallen but did not know how she received injuries because she had "blanked out."

[¶ 5] Glenn was charged with two counts of aggravated assault on a pregnant woman, two counts of aggravated assault with a drawn deadly weapon, and one count of battery. Brown suffered a miscarriage in October and was not pregnant at the time of trial. Brown testified against Glenn but was vague on whether he caused her bodily injuries. Other witnesses who had personally observed Glenn's and Brown's actions and heard Brown's statements testified that Glenn had inflicted the bodily injuries that she had received.

[¶ 6] During trial, several witnesses testified that Glenn had contacted them before trial and scared them when he told them not to testify. Over objection, the trial court permitted the jury to be instructed that this could be considered evidence of guilt. At the close of evidence the trial court granted defense's motion of judgment of acquittal on one count of aggravated assault with a drawn deadly weapon but denied that motion as to the other four counts. Those charges went to jury which convicted Glenn on two counts of aggravated assault on a pregnant woman and one count of battery, but acquitted him on the other charge of aggravated assault with a drawn deadly weapon. This appeal followed.

## DISCUSSION

### *Standard of Review*

[¶ 7] Our standard of review for sufficiency of the evidence claims requires that this Court assess whether all the evidence which was presented is adequate enough to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State. We will not substitute our

judgment for that of the jury when we are applying this rule; our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did. *Robinson v. State*, 11 P.3d 361, 368 (Wyo.2000).

[¶ 8] Glenn first contends that the State failed to prove beyond a reasonable doubt two elements of the crime of aggravated assault on a pregnant woman when it used hearsay evidence as proof that he inflicted bodily injury on Brown, and then failed to introduce any medical evidence of pregnancy, instead relying solely upon Brown's and other witnesses' testimony to prove that she was pregnant. The statute, Wyo. Stat. Ann. § 6-2–502(iv) (LexisNexis 2001), provides:

> (a) A person is guilty of aggravated assault and battery if he:
>
> \* \* \* \*
>
> (iv) Intentionally, knowingly or recklessly causes bodily injury to a woman whom he knows is pregnant.

[¶ 9] Glenn asserts that this Court has previously ruled, in *Longstreth v. State*, 832 P.2d 560 (Wyo.1992), that an element of a charged offense cannot be proved with hearsay testimony and it is reversible error to do so. Quoting the prosecutor's closing argument, Glenn claims that the State relied upon one witness' inadmissible, unreliable hearsay statement that Brown had told Glenn "stop it, you're hurting me" as proof of bodily injury. The State contends that *Longstreth* is distinguishable because the hearsay involved here is admissible under the present sense impression exception to the hearsay rule found at W.R.E. 803(1) and is reliable.

[¶ 10] The record shows that, although Brown did not specifically testify that Glenn had injured her, several other witnesses testified that they personally observed Glenn striking her and described Brown's reactions during the incident. The hearsay testimony was not objected to by the defense and can therefore be considered substantive evidence unless its admission is plain error. *Kolb v. State*, 930 P.2d 1238, 1246 (Wyo.1996) (discussing effect of when a present sense impression is offered as substantive evi-

dence); *Beartusk v. State*, 6 P.3d 138, 145 (Wyo.2000).

[¶ 11] This factual situation is in contrast to *Longstreth*, where hearsay was admitted over objection on grounds that it was not substantive evidence, yet was the only evidence of an essential element of the crime. This Court, therefore, reversed the conviction for insufficient evidence. *Longstreth* does not require the same result in this case.

[¶ 12] Without offering a plain error analysis, Glenn contends that the hearsay testimony is unreliable because Brown contradicted the statement when she testified that Glenn did not hit or push her and she had fallen against the building, and without its admission the evidence is insufficient for a conviction. However, the statement falls under the present sense impression exception to the hearsay rule and was properly admitted. *Kolb*, 930 P.2d at 1246.

[¶ 13] Next, Glenn contends that witness testimony that Brown was pregnant was insufficient to prove the pregnancy element of the crime. Brown testified that she learned that she was pregnant from her doctor, had told Glenn that she was pregnant, and, on the night of the first assault, he believed that she was drinking while pregnant and this initiated his violent behavior towards her. In cross-examination, defense counsel questioned whether Brown had medical documents as evidence of pregnancy and, although she claimed that she had medical documents proving both the pregnancy and the miscarriage, she did not produce any documents.

[¶ 14] Our general rule states that the jury is entitled to draw any reasonable inference from the evidence presented, and it is the responsibility of the jury to resolve conflicts in the evidence if the evidence supports its verdict. *See Willis v. State*, 2002 WY 79, ¶ 15, 46 P.3d 890, ¶ 15 (Wyo.2002). Glenn has not provided any authority that the jury was not entitled to infer that this evidence proved Brown's pregnancy, and we hold that the element was proved by sufficient evidence.

[¶ 15] As his final issue, Glenn contends that the district court improperly gave a jury instruction offered by the State re-

garding intimidation of a witness. He does not claim that the instruction is improper, but rather contends that the instruction was misleading to the jury and insufficient evidence precluded giving the instruction. That instruction was taken virtually verbatim from WPJIC 6.06, "Efforts by Defendant to Alter Evidence"[1] and stated:

> YOU ARE INSTRUCTED THAT if you find that the Defendant attempted to persuade a witness to testify falsely or attempted to intimidate a witness, then you may consider that fact in determining the question of whether the Defendant is guilty or not guilty.

[¶ 16] This Court approved a similar instruction in *State v. Hines,* 79 Wyo. 65, 79, 331 P.2d 605, 610 (1958), *cert. denied,* 366 U.S. 972, 81 S.Ct. 1938, 6 L.Ed.2d 1261 (1961). In 1989, we determined that this well-settled principle of law survived the enactment of the Wyoming Rules of Evidence and was an appropriate instruction if supported by the evidence. *King v. State,* 780 P.2d 943, 962 (Wyo.1989) (citing *United States v. Reamer,* 589 F.2d 769 (4th Cir. 1978), *cert. denied,* 440 U.S. 980, 99 S.Ct. 1787, 60 L.Ed.2d 240 (1979); *People v. Crandell,* 46 Cal.3d 833, 251 Cal.Rptr. 227, 760 P.2d 423 (Cal.1988), *cert. denied,* 490 U.S. 1037, 109 S.Ct. 1936, 104 L.Ed.2d 408 (1989); *State v. Clark,* 209 Mont. 473, 682 P.2d 1339 (1984); *State v. Van Alcorn,* 136 Ariz. 215, 665 P.2d 97 (App.1983); *Bradley v. State,* 561 P.2d 548 (Okla.Cr.1977); 1 L. Sand, J. Siffert, W. Loughlin & S. Reiss, Modern Federal Jury Instructions ¶ 6.05, Instruction 6–16 (1989)).

[¶ 17] Glenn contends that the instruction was not supported by evidence because it showed only that when Glenn told them not to testify, the witnesses felt frightened, and the evidence indicated that any fear was caused by witness timidity. He argues that his mere statements did not rise to the level of intimidation when properly understood to mean that, by a threat, any witness is put in fear that Glenn would inflict bodily harm for testifying. The record shows that Glenn did not specifically threaten any complaining wit-

ness with bodily harm, but that all testified that Glenn's behavior was menacing and frightening. Several of these witnesses were also victims of Glenn's violence, and their intimidation testimony permitted the jury to infer that Glenn had menaced them in an attempt to keep them from testifying.

[¶ 18] The trial court has a duty to instruct the jury on the general principles applicable to the case, and it is our general rule in reviewing questions involving instructions that the trial judge is afforded latitude to tailor the instructions to the facts of the case, and reversible error will not be found as long as the instructions when viewed as a whole and in the context of the entire trial fairly and adequately cover the issues. *King,* 780 P.2d at 961–62. Defense counsel objected to this instruction, and the trial court determined that the evidence justified it. We affirm that decision.

[¶ 19] The order of judgment and conviction is affirmed.

---

1. Wyoming Pattern Criminal Jury Instruction 6.06 states in relevant part: "If you find that the defendant attempted to persuade a witness to testify falsely or intimidate a witness, then you may consider that fact in determining the question whether the defendant is guilty or not guilty."