**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5082**

---

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 versus

EMORY TAYLOR CHILES,

 Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-05-18-FPS)

---

Submitted: June 1, 2006                  Decided: July 11, 2006

---

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

L. Richard Walker, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Randolph J. Bernard, Assistant United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Emory Taylor Chiles appeals his conviction under 18 U.S.C.A. § 922(g)(West 2000) for possession of a firearm by a convicted felon stemming from his arrest on May 8, 2005. Chiles contends that there was insufficient evidence to support his conviction, that the district court erred by refusing to instruct the jury that the possession must have been intentional, that the district court erred in admitting into evidence a May 8, 2005 recorded telephone call, and that the district court erred by refusing to admit another call recorded on May 10, 2005. We have jurisdiction to review Chiles's conviction pursuant to 28 U.S.C.A. § 1291 (West 1993) and for the reasons set forth below, we affirm.

The Government argued to the jury that Chiles possessed a firearm. To prove possession of a firearm in violation of § 922(g)(1), the Government had to establish that "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received, the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce at some point during its existence." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995). The government need not produce evidence of actual possession, as it may proceed on a constructive possession theory demonstrating that the defendant "showed ownership, dominion, or

control over the [firearm] itself." United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). We will sustain the jury's verdict if it is supported by substantial evidence. See United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005). While the evidence produced at trial relating to possession was conflicting, we are required to view it in the light most favorable to the Government.[1] See United States v. Mitchell, 209 F.3d 319, 324 (4th Cir. 2000) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)).

Chiles rests his insufficiency of the evidence argument on our decision in United States v. Blue, 957 F.2d 106 (4th Cir. 1992). In Blue, we held that mere evidence of a passenger's shoulder dipping as an officer approached the vehicle and the corresponding discovery of a firearm under the passenger's seat was insufficient to support a constructive possession theory. Id. at 108. We noted that such facts "fall outside, but just barely, the realm of the quantum of evidence necessary to support a finding of constructive possession." Id. With Blue establishing a baseline for the Government's burden of proof for constructive possession, we turn to the facts presented in Chiles's case.

At trial, the Government presented the eyewitness testimony of the arresting officer. The officer testified that he stopped the vehicle in which Chiles was riding for a broken light. When the

---

[1]Chiles did not contest that he was a convicted felon or that the firearm had traveled in interstate commerce.

officer approached the vehicle from behind, he noticed the passenger in the backseat, Chiles, make movements, but he could not determine what the individual was doing. The officer then shined his flashlight into the backseat and a shiny object peeking out of the seat pocket directly in front of Chiles caught his attention. When the officer shined the light directly on the object, he realized it was the butt of a gun. Chiles's knees were directly in front of the pocket containing the gun. The officer further testified that the gun was in a position in the seat pocket consistent with a right-handed person's movements. Chiles is right-handed.

The Government also produced recorded telephone calls from Chiles to Rodney Stevenson, the driver of the vehicle. During their May 8, 2005 conversation, Stevenson told Chiles that "you supposed to have that sh*t on your hip, dog. . . . And they wouldn't [have] seen it." (J.A. at 59.) In response, Chiles did not deny knowing about the gun, but he explained that wearing the gun on his hip would not have been smart because the police could have patted him down.[2] Chiles also telephoned Joseph Jones, the passenger in the front seat of the vehicle, and attempted to persuade Jones to say that the gun belonged to him. Later, Chiles wrote Jones and asked Jones to say that the gun belonged to

---

[2]At trial, Chiles took the stand and testified that he was unaware that the gun was in the vehicle.

4

Chiles's girlfriend. On cross-examination, Chiles admitted that his attempts to persuade Jones and his girlfriend to take responsibility for the gun were attempts to have witnesses testify falsely.[3] Chiles's statements to Stevenson and Jones are sufficient to demonstrate that he had the power and intention to exercise control over the firearm. See United States v. Reamer, 589 F.2d 769, 770 (4th Cir. 1978) ("The law is well established that, in a criminal case, evidence of a defendant's attempt to influence a witness to testify regardless of the truth is admissible against him on the issue of criminal intent.").

In summary, unlike the minimal evidence produced in Blue, the Government's presentation, if believed, of Chiles's telephone calls to Stevenson and Jones, his letter to Jones, and Chiles's own statements at trial provided more than enough evidence to demonstrate that Chiles was aware of the gun's presence and that he possessed the gun. Thus, a rational jury could have determined that Chiles's explanation was inconsistent with a lack of intent. In light of the above evidence, we conclude that substantial evidence supported the jury's verdict that Chiles constructively possessed the firearm.

We turn next to Chiles's argument that the district court erred by refusing to instruct the jury that his possession of the

---

[3]Chiles also testified that he tried to have Jones's grandmother, the owner of the vehicle, take the fall for the gun.

firearm had to be intentional. "Jury instructions are reviewed to determine whether, taken as a whole, the instructions fairly state the controlling law." United States v. McQueen, 445 F.3d 757, 759 (4th Cir. 2006) (internal quotation marks and alterations omitted). "Denial of a requested jury instruction constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Guay, 108 F.3d 545, 550 (4th Cir. 1997) (internal quotation marks omitted). Having reviewed the record, we conclude that the district court's instructions adequately represented the controlling law and thus no reversible error occurred.

Finally, we address Chiles's argument that the district court erred in excluding from evidence the May 10, 2005 telephone call and admitting into evidence the May 8, 2005 telephone call. "We review a trial court's evidentiary ruling[s] for abuse of discretion, keeping in mind that the trial court possesses broad discretion in determining the admissibility of evidence." United States v. Uzenski, 434 F.3d 690, 708 (4th Cir. 2006).

The district court admitted the May 8, 2005 telephone call from Chiles to Stevenson pursuant to Federal Rule of Evidence 801(d)(2)(B), which allows for the admission of statements by a

party-opponent where the party "has manifested an adoption of belief in its truth." Fed. R. Evid. 801(d)(2)(B). "A party may manifest adoption of a statement in any number of ways, including . . . silence." United States v. Higgs, 353 F.3d 281, 310 (4th Cir. 2003) (internal quotation marks omitted). "When a statement is offered as an adoptive admission, the primary inquiry is whether the statement was such that, under the circumstances, an innocent defendant would normally be induced to respond, and whether there are sufficient foundational facts from which the jury could infer that the defendant heard, understood, and acquiesced in the statement." Id. (internal quotation marks omitted).

The May 8, 2005 conversation took place not long after Chiles was arrested. Despite being warned that his conversations were subject to being recorded, Chiles explained to Stevenson, in response to Stevenson's statement that Chiles should have worn the gun on his hip, that he might have been subject to a police pat down. Chiles's failure to reply to Stevenson that either he was unaware of the gun's presence or that he did not possess the gun demonstrate Chiles's adoption of Stevenson's statement that Chiles had dominion and control over the gun. Chiles contends that the statements cannot constitute an adoptive admission because Chiles could not freely speak about his case while in jail. We find Chiles's argument to be unpersuasive. Chiles and Stevenson "were freely discussing" the arrest. Id. Chiles "gave no indication that

7

he was being silent in the face of [Stevenson's] accusations because he knew he was being recorded. On the contrary, the recording demonstrates that [Chiles] not only heard and understood the statements made by [Stevenson], but commented upon them to some extent." Id. Thus, we find no error in the district court's admission of the May 8, 2005 telephone recording.

After the district court admitted into evidence the recording of the May 8, 2005 telephone call, Chiles sought to have the recording of the May 10, 2005 telephone call admitted. On May 10, 2005, Chiles called Stevenson again and this time he expressly stated to Stevenson that he did not know the gun was in the seat pocket. During the conversation, Chiles also stated that he could not have had the gun on him because he was a convicted felon. Chiles contends that the district court erred in excluding this from evidence because the May 10, 2005 tape was needed to put the May 8, 2005 tape into context. Pursuant to the rule of completeness, set forth in Federal Rule of Evidence 106, "[w]hen a . . . recorded statement . . . is introduced by a party, an adverse party may require the introduction at that time of . . . any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." However, "the court need only admit the portions that are necessary to clarify or explain the portion of the testimony already admitted." United States v. Bollin, 264 F.3d 391, 414 (4th Cir. 2001). The district court

found the May 8, 2005 recording to be clear and rejected the May 10, 2005 recording as unnecessary. We agree that the jury did not need to review the May 10, 2005 recording in order to understand the May 8, 2005 conversation. The May 10, 2005 conversation took place two days after the May 8, 2005 telephone call and would not have provided any relevant explanation, clarification, or context for the May 8, 2005 telephone call. See id. ("The fact that some of the omitted testimony arguably was exculpatory does not, without more, make it admissible under the rule of completeness."). Therefore, we hold that the district court did not abuse its discretion in excluding from evidence the self-serving May 10, 2005 telephone call. See United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996) (noting that the Federal Rules of Evidence do not provide for the admission of "self-serving, exculpatory statements made by a party which are being sought for admission by that same party").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED