949 P.2d 980

**STATE of Arizona, Appellee,**

v.

**Lisa Victoria GARZA, aka, Lisa Victoria McCauley, Appellant.**

**No. 1 CA–CR 96–0689.**

Court of Appeals of Arizona, Division 1, Department C.

July 15, 1997.

Review Granted Jan. 29, 1998.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Consuelo M. Ohanesian, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Louise Stark, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

TOCI, Judge.

Lisa Victoria Garza aka Lisa Victoria McCauley ("defendant") appeals from her convictions and the sentences imposed for three counts of armed robbery, class two dangerous felonies, and one count of aggravated assault, a class three dangerous felony. The appeal presents three issues, two of which we resolve in a contemporaneous, unpublished memorandum decision.

In this opinion, we hold that when, pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–603(K) (Supp.1996), a trial court finds that a sentence is clearly excessive, it must enter a special order with specific written reasons for its finding and forward the order to the board of executive clemency. We further conclude that the court's failure to enter such an order is reversible error. Thus, we remand the sentences on Counts III and IV and direct the trial court to enter an order in conformity with A.R.S. section 13–603(K).

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 1995, the state indicted defendant, charging her in Count I with Armed Robbery committed on September 30; in Count II with Aggravated Assault committed on the same date; in Count III with Armed Robbery committed on October 1; and in Count IV with Armed Robbery committed on October 7. Following a trial, the jury found her guilty of all counts.

After considering mitigating and aggravating factors, the trial court sentenced her pursuant to A.R.S. section 13–604(I) (Supp. 1996) to presumptive concurrent terms of ten and one-half years for Count I and seven and one-half years for Count II. The court credited her sentence with 308 days of presentence incarceration.

The court imposed sentences for Counts III and IV pursuant to A.R.S. section 13–702.02 (Supp.1996), which sets forth mandatory terms when an accused has committed multiple offenses on different occasions. *See* A.R.S. § 13–702.02(A). The court imposed minimum terms of ten and one-half years for Count III and fifteen and three-fourth years for Count IV. *See* A.R.S. § 702.02(B)(1),(2). It also ordered these sentences to run consecutive to the sentences imposed for Counts I and II but concurrent to one another.

Pursuant to its authority under A.R.S. section 13–603(K), the trial court found, however, that the mandatory sentences for Counts III and IV were excessive. The trial court simply stated that the "State and the victim may prepare a written statement to be submitted to the Board of Executive Clemency regarding the Court's findings and opinion as to the mandatory sentence herein."

## II. DISCUSSION

Defendant argues that the court failed to comply with A.R.S. section 13–603(K) when it did not enter a special order with specific reasons for its conclusion that the sentence was clearly excessive. In response, the state asserts that because the court stated on the record its opinion that the sentence was clearly excessive and because the statute is silent about who has a duty to submit "writings" to the board, the court did not err in ordering defendant to do so; it further argues that nothing in the record shows an injury to defendant by the trial court's order.

■ A.R.S. section 13–603(K) provides:

If at the time of sentencing the court is of the opinion that a sentence that the law requires the court to impose is clearly excessive, the court may enter a special order allowing the person sentenced to petition the board of executive clemency for a commutation of sentence within ninety days after the person is committed to the custody of the state department of corrections. If the court enters a special order regarding commutation, the court shall set forth in writing its specific reasons for concluding that the sentence is clearly excessive. The court shall allow both the state and the victim to submit a written statement on the matter. The court's order, and reasons for its order, and the statements of the state and the victim shall be sent to the board of executive clemency.

After imposing sentence, the trial court stated that A.R.S. section 13–702.02 required that it impose a clearly excessive sentence. It continued,

My own view is that [A.R.S. section 13–702.02] is extremely harsh under this set of circumstances. Therefore, under 13–603(K), I am of the opinion that the sentence is clearly excessive. I am entering a special order allowing the Defendant to petition the Board of Executive Clemency for a commutation of sentence for the reasons of me finding this matter is clearly excessive.

I am of the belief that in this situation the allegation of 13–702.02 should be dropped because of the defendant's severe addiction to heroin, her being under the influence or having recently used heroin, cocaine or some other illegal substance at the time of these crimes, and the fact that she was offered a much less harsh plea bargain originally, but that her plea had to be contingent upon the co-defendant accepting the plea; and, therefore, she is penalized albeit legally by the actions of the county attorney.... And because of the presumption that the sentences have to run consecutively, [pursuant to A.R.S. section 13–708] and because I cannot demean the victims by not giving a consecutive sentence, all of those factors together indicate to me that this sentence is clearly excessive. But I am bound by the law to do it in the fashion that I am doing it.

Despite this declaration, the court failed to enter a special order citing defendant's drug addition and previous plea bargain as circumstances that rendered the sentence clearly excessive. *See* A.R.S. § 13–603(K). The court simply noted that the reasons for the finding were "on the record" and ordered that defendant could petition the board of executive clemency for a commutation of sentence.

■ A.R.S. section 13–603(K) permits the trial court to enter a special order allowing defendant to petition the board for commutation of an excessive sentence. The trial court's order here, however, did not expressly state the specific findings it had made at the time of sentencing. This order, therefore, did not comply with A.R.S. section 13–603(K). We note that the statute does not appear to contemplate either transmittal of the entire sentencing transcript to the board or the board's review of the transcript to glean the court's reasons. By requiring the

sentencing court to explain in writing the basis for its conclusive that a sentence is clearly excessive, A.R.S. section 13–603(K) enables the board to review the reason for the court's finding.

Furthermore, the requirement that the court transmit its specific findings to the board is both practical and efficient. The legislature apparently recognized these benefits when it imposed a similar requirement in A.R.S. section 13–701(B)(Supp.1996). That statute requires that a copy of the judgment, sentence, and recent presentence investigation report accompany prisoners transferred to the department of corrections. Just as these latter documents are useful to the department of corrections when it receives a new prisoner, the board of executive clemency must know the court's reasons for concluding that a sentence is excessive before it can determine whether to commute a defendant's sentence.

■ Finally, we are not persuaded by the state's second argument that defendant has not shown any injury from the trial court's order. The procedure prejudiced her because it placed on her the onus to obtain a transcript and to search the record for the reasons articulated by the trial court. Further, the statute's clear implication is that the trial court's special order, the reasons for it, and any statements of the state and victim be sent in one package by the trial court to the board of executive clemency. The procedure here allowed the state and the victim to file their objections to the trial court's findings before the board had the findings.

## III. CONCLUSION

Because the court failed to comply with the statute, we remand this matter and direct that the court enter a special order conforming to A.R.S. section 13–603(K) and this opinion. Defendant shall have ninety days from the entry of the special order within which to file a petition pursuant to section 13–603(K).

GERBER, P.J., and SULT, J., concur.