NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAIRO DAVID ALANIZ-SILVA, *Appellant.*

No. 1 CA-CR 14-0049
1 CA-CR 14-0384
(Consolidated)
FILED 6-23-2015

Appeal from the Superior Court in Yuma County
No. S1400CR201300054
The Honorable Stephen J. Rouff, Commissioner

**AFFIRMED IN PART AS CORRECTED; REMANDED IN PART WITH
INSTRUCTIONS**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Elizabeth Brown Attorney at Law, Yuma
By Elizabeth Brown
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Randall M. Howe joined.

---

**N O R R I S**, Judge:

¶1        Jairo David Alaniz-Silva timely appeals from his conviction and sentence for aggravated assault, a class 3 dangerous felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-1204 (Supp. 2014),[1] and from the superior court's denial of his motion to vacate the judgment. After searching the record on appeal and finding no arguable question of law that was not frivolous, Alaniz-Silva's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Alaniz-Silva to file a supplemental brief *in propria persona*, but he did not do so. After reviewing the entire record, we find no fundamental error relating to Alaniz-Silva's conviction. Therefore, we affirm Alaniz-Silva's conviction for aggravated assault, as corrected for errors in the judgment, *see infra* ¶ 8, but strike the jury's improper verdict on the lesser-included charge of assault. *See infra* ¶¶ 9–11.

¶2        We have, however, discovered reversible error with respect to Alaniz-Silva's sentence. *See infra* ¶¶ 12–13. Thus, we remand the sentence and direct the superior court to enter a special order in conformity with A.R.S. § 13-603(L) (2010).

**FACTS AND PROCEDURAL BACKGROUND**[2]

¶3        In January 2013, Alaniz-Silva and his brother, Arnold, attacked their mother's estranged boyfriend, G.L. The brothers approached

---

[1]Although the Arizona Legislature has amended certain statutes cited in this decision after the date of Alaniz-Silva's offense, these revisions are immaterial to our resolution of this appeal. Thus, we cite to the current version of these statutes.

[2]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Alaniz-Silva. *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

G.L., asking whether he had seen their pregnant dog. G.L. answered he had not and turned away. Alaniz-Silva hit G.L. in the back of the head with a mallet. After he went down, Arnold began punching G.L. with brass knuckles while Alaniz-Silva repeatedly hit him with the mallet.

**¶4** A jury found Alaniz-Silva guilty of aggravated assault, *see* A.R.S. § 13-1204(A)(2), (D), and that the offense was dangerous. *See* A.R.S. § 13-105(13) (Supp. 2014). The jury also found Alaniz-Silva guilty of the lesser-included charge of assault. *See* A.R.S. § 13-1203 (2010). The superior court, however, entered judgement against Alaniz-Silva only for aggravated assault, and for that offense, sentenced Alaniz-Silva to the minimum sentence of five years' imprisonment. *See* A.R.S. § 13-704(A) (Supp. 2014). It also found that sentence clearly excessive. *See infra* ¶¶ 12–13. The superior court awarded Alaniz-Silva 41 days of presentence incarceration credit.

**¶5** Alaniz-Silva subsequently moved to vacate the judgement, asserting prosecutorial misconduct, errors by the superior court, and newly discovered evidence. The superior court denied the motion. Alaniz-Silva timely appealed from both the judgment and the denial of his motion to vacate the judgement.

## DISCUSSION

I. *Anders* Review

**¶6** Alaniz-Silva received a fair trial and was represented by counsel at all stages of the proceedings. Alaniz-Silva was either present or voluntarily absent at all critical stages of the case.

**¶7** The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members, and the court properly instructed the jury on the elements of the offense, Alaniz-Silva's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Alaniz-Silva was given an opportunity to speak at sentencing, and his sentence was within the range of acceptable sentences for aggravated assault. Furthermore, the superior court did not abuse its discretion nor did it misapply the law in denying Alaniz-Silva's motion to vacate the judgment. *See State v. Parker*, 231 Ariz. 391, 408, ¶ 78, 296 P.3d 54, 71 (2013) (reviewing denial of motion to vacate judgment of guilt for abuse of discretion).

II.     Errors in the Judgment

¶8          In our review of the record, we discovered two errors in the superior court's judgment.  The judgment referenced A.R.S. § 13-1204(C), a subsection which makes aggravated assault a more serious felony if committed against a peace officer. The State did not allege Alaniz-Silva assaulted a peace officer nor would the evidence presented at trial support such a finding.  The judgment also improperly referenced A.R.S. § 13-3601 (Supp. 2014), a statute which defines "domestic violence."   At trial, however, the State withdrew its allegation of domestic violence.  Thus, we correct the judgment to delete its citation to "13-1204(C)" and "13-3601."

III.    Improper Verdict

¶9          Despite the superior court's instruction to the jury that it could only consider the lesser-included offense if it found Alaniz-Silva not guilty or could not agree whether Alaniz-Silva was guilty of aggravated assault, the jury found Alaniz-Silva guilty of both aggravated assault and the lesser-included offense of assault.  After the jury rendered its verdict, the superior court held a bench conference with counsel to discuss how to handle this anomaly.  The State advised the court to release the jury, arguing the lesser-included verdict posed no problem because it was essentially consistent with the jury's guilty verdict on the greater offense of aggravated assault.  Defense counsel did not object, and the superior court released the jury without further inquiry.

¶10         Our supreme court has instructed that "[w]hen a jury returns guilty verdicts for both a charged offense and a lesser included offense, the preferable course of action is to 'explain the situation to the jury, reinstruct on the law, and allow the jury to deliberate further.'"  *State v. Rich*, 184 Ariz. 179, 181, 907 P.2d 1382, 1384 (1995) (quoting *State v. Engram*, 171 Ariz. 363, 366, 831 P.2d 362, 365 (App. 1991)).  Nonetheless, the superior court's failure to follow the preferable course of action does not constitute reversible error; by not entering judgment or sentencing Alaniz-Silva on the improper verdict, the superior court essentially treated it as surplusage. *See State v. Brown*, 191 Ariz. 102, 103, 952 P.2d 746, 747 (App. 1997) (when defendant did not object, superior court did not commit reversible error by deeming verdict on lesser-included offense surplusage and setting it aside instead of following procedure outlined in *Rich*); *Engram*, 171 Ariz. at 365–66, 831 P.2d at 364–65 (App. 1991) (same).

¶11         For clarity, we strike the jury's guilty verdict on the lesser-included charge of assault. *See State v. Stuart*, 168 Ariz. 83, 87, 811 P.2d 335,

339 (App. 1990) (superior court properly struck jury verdict on lesser-included offense as "mere surplusage").

IV.     Non-Compliance with A.R.S. § 13-603(L)

**¶12**     At sentencing, the superior court found Alaniz-Silva's sentence clearly excessive pursuant to A.R.S. § 13-603(L). The superior court did not, however, take the necessary steps to give its finding legal and practical effect. *See State v. Garza*, 190 Ariz. 487, 489–90, 949 P.2d 980, 982–83 (App. 1997) (failure to comply with requirements of what is now A.R.S. § 13-603(L) frustrated statute's purpose of allowing "practical and efficient" review by board of executive clemency). Upon finding a sentence required by law clearly excessive, the superior court is to "enter a special order allowing the person sentenced to petition the board of executive clemency for a commutation of sentence within ninety days after the person is committed to the custody of the state department of corrections." A.R.S. § 13-603(L). The superior court must "set forth in writing its specific reasons for concluding that the sentence is clearly excessive" and "allow both the state and the victim to submit a written statement on the matter." *Id*. "The court's order, and reasons for its order, and the statements of the state and the victim" then must "be sent to the board of executive clemency." *Id*.

**¶13**     Here, the record contains no indication the superior court complied with any of these requirements. Failure to comply with A.R.S. § 13-603(L) after finding a sentence clearly excessive is reversible error. *Garza*, 190 Ariz. at 488, 949 P.2d at 981. Thus, we remand Alaniz-Silva's sentence and direct the superior court to enter a special order conforming with A.R.S. § 13-603(L). *See id.* at 490, 949 P.2d at 983. Alaniz-Silva shall have 90 days from the entry of the special order within which to a file a petition for a commutation of sentence. *See* A.R.S. § 13-603(L); *Garza*, 190 Ariz. at 490, 949 P.2d at 983.

**CONCLUSION**

**¶14** We decline to order briefing and affirm Alaniz-Silva's conviction for aggravated assault as corrected. *See supra* ¶ 8. We strike the jury's guilty verdict on the lesser-included offense of assault. *See supra* ¶¶ 9–11. We remand, however, Alaniz-Silva's sentence to the superior court with instructions. *See supra* ¶¶ 12–13.

**¶15** Alaniz-Silva has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Alaniz-Silva 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED : ama